# Supreme Court of Florida

THURSDAY, JUNE 11, 2026

The Florida Bar,
           Complainant

v.

Kenneth Chesebro,
           Respondent

**SC2024-1528**

Lower Tribunal No(s).:
2024-00,120(2A)

---

Respondent Kenneth Chesebro entered a guilty plea in Georgia state court to the felony charge of unlawfully conspiring to file a false certificate in federal district court. *See* O.G.C.A. § 16-10-20.1. However, because the conviction was entered pursuant to Georgia's First Offender Act, and Chesebro's probation was later terminated early, he was ultimately "exonerated of guilt" and now "stand[s] discharged as a matter of law." O.G.C.A. § 42-8-60(e). Indeed, upon entering a consent order terminating probation, the Georgia trial court declared that Chesebro "shall not be considered to have ever had a criminal conviction."

This matter is unique. We have a duty to regulate the practice of law in Florida and meaningfully sanction lawyer misconduct. *See* art. V, § 15, Fla. Const. But we are also bound to respect the

judgments of sister states under principles of comity. *See* art. IV, § 1, U.S. Const. It is alleged—and Chesebro does not here dispute—that he aided in the filing of a false certificate in federal court. That concession requires us to mete out discipline, even giving due regard to Chesebro's exoneration under the law that governs his prosecution for that act.

We have "the ultimate responsibility to determine the appropriate sanction." *Fla. Bar v. Patterson*, 330 So. 3d 519, 526 (Fla. 2021) (quoting *Fla. Bar v. Barrett*, 897 So. 2d 1269, 1275 (Fla. 2005)). We must fashion a remedy appropriate to the unique facts of this case and, after careful deliberation, find that a reprimand is appropriate. Suspension or a more serious sanction would have been fitting had Chesebro not been exonerated under the distinct circumstance presented here; Chesebro's full discharge under the Georgia First Offender Act, however, is a fact we do not ignore.

Accordingly, upon consideration of the Report of Referee and the briefs filed in this case, the Court approves the referee's recommendation as to guilt but disapproves the recommended

discipline and instead reprimands Respondent. Respondent is directed to attend The Florida Bar's Ethics School under the terms and conditions set forth in the referee's report.

The felony suspension entered on October 28, 2024, is hereby lifted, and Kenneth Chesebro is reinstated to the practice of law effective immediately.

Judgment is entered for The Florida Bar, 651 East Jefferson Street, Tallahassee, Florida 32399-2300, for recovery of costs from Kenneth Chesebro in the amount of $2,229.37, for which sum let execution issue.

MUÑIZ, C.J., and COURIEL, GROSSHANS, FRANCIS, and SASSO, JJ., concur.
TANENBAUM, J., concurs in the administrative disposition but dissents from the judgment for costs.
LABARGA, J., dissents with an opinion.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

LABARGA, J., dissenting.

Respondent Kenneth Chesebro, a member of The Florida Bar, was indicted in Fulton County, Georgia, on multiple felony charges relating to allegations of election fraud and interference with the

2020 presidential election. For the purpose of this Bar disciplinary proceeding, "[i]t is alleged—and Chesebro does not here dispute—that he aided in the filing of a false certificate in federal court." Order at 2.

In Georgia, Chesebro ultimately pled guilty to the crime of Conspiracy to Commit Filing False Documents as alleged in Count 15 of the indictment and was sentenced to five years of felony probation. Count 15 alleged that Chesebro and several codefendants engaged in an unlawful conspiracy "to knowingly file, enter, and record," "*in a court of the United States*," a slate of false electors for the State of Georgia. (Emphasis added.) Specifically, the indictment alleged that Chesebro and the codefendants certified that the signatories to the document were the "duly elected and qualified Electors for President and Vice President of the United States of America from the State of Georgia." Chesebro and the codefendants transmitted the votes to *the Chief Judge of the United States District Court for the Northern District of Georgia.*

Given his guilty plea to Conspiracy to Commit Filing False Documents, The Florida Bar filed a Notice of Determination or Judgment of Guilt against Chesebro. This Court referred the matter to a referee and, after conducting an evidentiary hearing, the referee issued a report recommending that Chesebro be found guilty of misconduct justifying disciplinary measures and that he be suspended from the practice of law for 30 days.

The referee's recommended sanction was within the bounds set forth by Florida Standard for Imposing Lawyer Sanctions 7.1(b), which dictates that a *suspension* is appropriate in cases involving deceptive conduct or statements in the following circumstances: "[W]hen a lawyer *knowingly* engages in conduct that is a violation of a duty owed as a professional with the intent to obtain a benefit for the lawyer or another and causes injury or potential injury to a client, the public, or the legal system." (Emphasis added.)

Disregarding the referee's recommended sanction of a 30-day suspension, the majority has instead issued a written public reprimand. However, a public reprimand is inconsistent with

Standard 7.1(c), which provides that a "[p]ublic reprimand is appropriate when a lawyer *negligently* engages in conduct that is a violation of a duty owed as a professional and causes injury or potential injury to a client, the public, or the legal system." (Emphasis added.) Because the discharge of Chesebro's conviction pursuant to Georgia's First Offender Act does not undo *his admitted act of misconduct*, I disagree with the majority's conclusion that suspension is inappropriate.

Again, as the majority's order observes, Chesebro does not dispute that he submitted fraudulent ballot information to the Chief Judge of the United States District Court for the Northern District of Georgia. In my view, the intentional commission of fraud upon the court is one of the most egregious ethical transgressions a lawyer can commit, and such serious misconduct necessitates the imposition of severe professional sanctions. A written reprimand as issued by the majority in this case is not only inconsistent with the Florida Standards for Imposing Lawyer Sanctions but disproportionate to the severity of Chesebro's grave ethical

violations, which "cause[d] injury or potential injury to . . . the public, or the legal system."

Lawyers, acting as officers of the court, are ethically bound to uphold the integrity of the judicial process. Consequently, the knowing submission of fraudulent Electoral College documentation to a federal court constitutes an intolerable breach of professional ethics. Given the magnitude of Chesebro's ethical transgressions, I certainly would not impose a sanction that falls below the referee's recommended sanction.

I therefore respectfully dissent.

A True Copy
Test:

SC2024-1528  6/11/2026
_____
John A. Tomasino
Clerk, Supreme Court
SC2024-1528  6/11/2026

SO
Served:
KENNETH CHESEBRO
HON. JAMES LEE MARSH
MARK LUGO MASON
PATRICIA ANN TORO SAVITZ
LAUREN MICHELLE WILLIAMS